Elmer Moreno # 93653-280
**Name and Prisoner/Booking Number**

USP Tucson
**Place of Confinement**

P.O. Box 24550
**Mailing Address**

Tucson AZ 85734
**City, State, Zip Code**

FILED ✓ ___ LODGED
___ RECEIVED ___ COPY

OCT - 6 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Elmer Moreno ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Federal Bureau of Prisons ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-23-00463-TUC-SHR--AMM
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☑ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: USP Tucson / BOP

Revised 12/1/20      1      **550/555**

## B. DEFENDANTS

1. Name of first Defendant: **Federal Bureau of Prisons**. The first Defendant is employed as: **Federal Agency** (Position and Title) at **USP Tucson** (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ (Position and Title) at _____ (Institution).

3. Name of third Defendant: _____. The third Defendant is employed as: _____ (Position and Title) at _____ (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? **1**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Moreno** v. **Gutierrez**
      2. Court and case number: **D. Ariz.**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Habeas Case under 28 U.S.C. 2241**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Violation of the First Amendment</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On April 23, 2023 plaintiff was placed into the USP Tucson SHU for an SIS investigation, pursuant to 28 C.F.R. 541.22(a). BOP's SIS personell investigate misconduct in BOP facilities. The investigation of plaintiff was conducted by SIS staff Villareal and Rhynard. At the time of the investigation, an interview of plaintiff was done in SHU, plaintiff elected to excercise his right to remain silent. Villareal and Rhynard stated to plaintiff that if he exercised his right to remain silent he'd be kept in SHU for a prolonged period and eventually transferred but that if he elected to cooperate with them he'd be immediately return to general population. Plaintiff then filed a BP-8 administrative remedy form to complain of the threats by Villareal and Rhynard, prompting Villareal to return to SHU to tell plaintiff that because he filed that BP-8 "We're just gonna keep you in SHU and ship you". The next day a request for transfer was submitted to redesignate plaintiff.
   (Cont'd. on Page 7)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). <u>Continued in Counts 2-3, violation of statutory and constitutional rights</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>See Sec. 3 above</u>

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: Violation of the Fifth Amendment.

2. Count II. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Due Process

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

All facts outlined in Count I are reincorporated in this Count as well. BOP Program Statement 5270.11 and Title 28, Code of Federal Regulations set forth the process to review an inmate's placement in the Special Housing Unit.
A Segregation Review Official ("SRO") refers to the individual at each BOP institution assigned to review the status of each inmate housed in disciplinary segregation and administrative detention. The SRO must conduct the required reviews. Ordinarily policy says the SRO is the Captain whom may be delegated to a Lieutenant responsible for supervision to the SHU.
28 C.F.R. 541.26(a), (b) and (c) outline the 3-day review, 7 day reviews, and 30 day reviews at "a hearing" the inmate "can attend" before the SRO.
The review must include: (1) a review of the inmate's records while in SHU, (2) all available staff memoranda (including psychology staff), (3) all available investigatory memoranda, (4) the SRO completes a review of the SHU record. This is outlined in Sec. 7 of Program
(Continued on Page 9)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Same as Count I

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Same as Count I

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: __Violation of the 8th Amendment__.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☒ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff reincorporates all facts outlined in Counts I-II for this Count.
   BOP regulations mandate under 28 C.F.R. 541.32(b) that plaintiff after every 30 calendar days of continuous placement in either administrative detention or disciplinary segregation status, be examined by mental health staff. Inmates with mental illnesses, by policy, "should not be placed in Special Housing" (P.S. 5270.11 at 15).
   The Warden of USP Tucson did not treat inmates in accordance with P.S. 5270.11 or 28 C.F.R. Part 541. Inmates with and without mental illnesses were treated alike in the USP Tucson SHU and regularly cut themselves with razors, hung themselves, scream and yell at all hours of the day and night, attempt suicide, and smear both blood and feces all over their cells.
   Housing inmates in prolonged segregation has been recognized as psychologically injurious in studies for 40 years. The BOP itself
   (Cont'd on Page 11)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Same as Counts I-II, See also Pages 5, 11-12.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. __Same as Count I__

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

1. Injunction enjoining BOP from continuing to retaliate against the inmates at USP Tucson engaged in protected activities, continuing to house inmates in SHU beyond 15-days who exhibit symptoms of mental health harms, continuing to deny inmates SRO Hearings, continuing to refuse to investigate USP Tucson's executive staff retaliation complaints, failing to provide plaintiff access to a psychiatrist.
2. Award plaintiff all costs and fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10-1-23
DATE

SIGNATURE OF PLAINTIFF
Elmer Moreno

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Statement of Facts (Cont'd from Page 3):

Once inmates are in SHU and the SIS investigation is ended, SIS recommends whether an inmate remains in SHU and submits the final report for review by the Warden, Asst. Warden, Captain and CMC at USP Tucson. Vilareal and Rhynard recommended plaintiff remain in SHU and be transferred, Warden Mark Gutierrez then affirmed their recommendation.

Each inmate in SHU is discussed by a multidisciplinary team that, at a minimum, includes institution executive staff, Captain, Unit staff, Health Services staff, and psychology staff reviews initial and ongoing placement in SHU each week. They then tour SHU to tell inmates their status.

Warden Gutierrez confirmed to plaintiff verbally that he would remain in SHU for a long time and be the subject of a transfer. When plaintiff asked him "why?" the Warden stated "because I hate when inmates file on my staff". Plaintiff has remained in SHU ever since.

When any BOP staff member commits an act of misconduct, BOP's "Standards of Employee Conduct" outline the punishments and processes used to investigate/punish staff. These investigations are conducted by BOP's Office of Internal Affairs. Prior to retaliating against plaintiff, Warden Gutierrez

Page 7

and SIS staff at USP Tucson, were reported to Special Agent Cramer in Internal Affairs by other USP Tucson inmates for acts of retaliation that violated the Standards of Employee Conduct but took no steps to hold Gutierrez or the other SIS personell accountable for the retaliation that was chronic at USP Tucson against any inmates filing complaints on staff. Those complaints were also submitted to the DOJ Office of Inspector General, American Correctional Association, PREA Auditors of America, The Marshall Project, Washington Lawyers Cmte. for Civil Rights and Urban Affairs prompting multiple investigations by non-governmental entities into the systemic abuse and retaliation. The BOP has also been accused by staff of a culture of retaliation for protected activities and put on the internet a public summary at www.turnerclass.com.

## Statement of Facts (Cont'd from Page 4):

Statement 5270.11.

28 C.F.R. 541.33(a) and (b) grant the Warden the decisionmaker status to release inmates from SHU "when the reasons for your placement no longer exist."

If an inmate is not released from SHU inmates are to generate a regional referral for each inmate in post-disciplinary detention in SHU in excess of 90-days that includes case-specific information stating why the inmate is not appropriate for return to general population or immediate transfer. Then, the Regional Director must submit a recommendation for post-disciplinary detention in excess of 90 days and every additional 60 days thereafter to the Asst. Direcor in Washington, D.C. for concurrence.

From April 23, 2023 plaintiff (1) never received an SRO hearing, (2) never had a regional referral after 90 days, (3) never had a recommendation sent to the Asst. Director every 60 days. Plaintiff was not alone in not receiving due process. Plaintiff was subject to disciplinary conditions as outlined in 28 C.F.R. 541.31(h)(2).

From April 23, 2023 to the present, plaintiff didnt receive outdoor exercise beyond 2 hours per week, his incoming and outgoing mail were delayed, his email privileges were totally suspended, he was only allowed less than 150-minutes over 6 months to communicate with family and friends by telephone,

9

was allowed no visits, no magazines or books via U.S. Mail, no educational or rehabilitative programming.

As a result of the lack of SRO Hearings plaintiff was never permitted to submit complaints to the SRO about his treatment or status in SHU since 4-23-23.

Statement of Facts (Cont'd from Page 5):

commissioned a study by CNA Associates in 2013-14 resulting in a report extensively detailing the systemic failure of BOP to monitor and treat inmates in general and in accordance with its own policies specifically.

At USP Tucson, the Restrictive Housing Unit ("RHU") psychologist - Dr. K. Hermosillo - was assigned to the SHU to conduct the psychological assessments mandated by 28 C.F.R. 541.32(b). Her method of assessment was to walk each tier once per month stopping at cell doors for less than 10 seconds to visually examine each cell's occupants known as "a drive-by" in inmates' terms. If an inmate is asleep or not in the cell no follow-up will be conducted.

From April 23, 2023 plaintiff has never been spoken to by any mental health staff. Plaintiff has experienced depression, anxiety and suicidal thoughts for months. USP Tucson has no psychiatrist to monitor or treat inmates in SHU. Plaintiff is kept in a cell 23 to 24 hours per day with little to no mental or emotional stimulus. No books, no television, no magazines, 15-minutes telephone use per month, no educational or rehabilitative programs, no sunlight, no ability to purchase food or vitamins to supplement the poor diet in SHU and noone to talk to for months. Plaintiff cannot shave his

11

face at all. Because other inmates with serious mental health issues frequently self-harm the use of pepper spray is deployed against the mentally ill saturating his air with chemical agents that cause respiratory distress, coughing and gagging.

The 28 CFR 541.32(b) assessment is meant to assess: (1) Threat to Self, (2) Threat to Others, (3) Adjustment to SHU, (4) Mental Status. Dr. Hermosillo, without ever even speaking to plaintiff, recorded in plaintiff's electronic records for Psychology Services responses to these 4 points of assessment without ever speaking to him directly or indirectly. Hermosillo falsely recorded positive responses in all categories including some stating "no significant mental health issues" even when plaintiff was depressed and suicidal to fabricate records indicating that most inmates in SHU were in no distress when the truth was much different.

BOP policy states "a clear plan for returning the inmate to less restrictive conditions will be developed and is ordinarily shared with the inmate." (P.S. 5270.11 at 16). No such plan was created for plaintiff after 4-23-23.

Plaintiff has never received treatment for his mental health since 4-23-23.

12