**WO**                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elmer Armando Moreno,                            No.     CV-23-00463-TUC-SHR

                        Plaintiff,

v.                                               **ORDER**

Federal Bureau of Prisons,

                        Defendant.

　　　　Self-represented Plaintiff Elmer Armando Moreno, who is confined in the United States Penitentiary-Tucson (USP-Tucson), has filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 4).  The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

　　　　The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $11.19.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  Plaintiff's Complaint will be dismissed for failure to state a claim, but, because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his three-count Complaint, Plaintiff names the Federal Bureau of Prisons (BOP) as Defendant.  He seeks costs and fees and an injunction prohibiting the BOP from retaliating against inmates engaged in protected activities, housing prisoners with mental health symptoms in the Special Housing Unit (SHU) for longer than 14 days, denying inmates Segregation Review Official (SRO) hearings, refusing to investigate retaliation complaints, and requiring Plaintiff have access to a psychiatrist.

In Count One, Plaintiff alleges he suffered retaliation, in violation of the First Amendment.  Plaintiff claims on April 23, 2023, he was placed in the SHU for a "Special Investigative Services (SIS) Investigation" by Officers Villareal and Rhynard.  Plaintiff was interviewed during the investigation and exercised his right to remain silent, even though Villareal and Rhynard told him he would "be kept in SHU for a prolonged period and eventually transferred if he remained silent" but would be immediately returned to the general population if he cooperated.  Plaintiff filed a BP-8 to complain of threats by Villareal and Rhynard which prompted Villareal to tell Plaintiff because he "filed that BP-8[,] we're just gonna keep you in SHU and ship you."  Once the SIS investigation concluded, Villareal and Rhynard recommended Plaintiff "remain in SHU and be transferred[.] Warden Mark Gutierrez then affirmed their recommendation."

According to Plaintiff, "each inmate in SHU is discussed by a multidisciplinary team that, at a minimum, includes institution executive staff, captain, unit staff, health services staff, and psychology staff reviews initial and ongoing placement in SHU each week."  Warden Gutierrez told Plaintiff he would remain in SHU for a "long time and be

the subject of a transfer." Plaintiff asked why and Gutierrez allegedly said, "Because I hate when inmates file on my staff."

Plaintiff contends prior to "retaliating against Plaintiff," Gutierrez and SIS staff were "reported to Special Agent Cramer in Internal Affairs by other USP-Tucson inmates for acts of retaliation that violated the standards of employee conduct," but the Special Agent "took no steps to hold Gutierrez or the other SIS personnel accountable for the retaliation that was chronic at USP Tucson against any inmates filing complaints on staff." Plaintiff claims multiple organizations have investigated BOP for a culture of systemic abuse and retaliation.

In Count Two, Plaintiff alleges violations of his due process rights. He claims, pursuant to BOP policy, a SRO must review the status of each inmate housed in disciplinary segregation and administrative detention. According to Plaintiff, any post-disciplinary detention in the SHU exceeding 90 days requires a recommendation from the Regional Director "for concurrence" and, every 60 days thereafter, the continued detention requires a "recommendation from the Asst. Director in Washington, D.C. for concurrence."

Plaintiff alleges from April 23, 2023, to the date of filing, he never received an SRO hearing, never had a "regional referral after 90 days," and "never had a recommendation sent to the Asst. Director every 60 days." Plaintiff claims from April 23 to the time of filing, he did not receive outdoor exercise "beyond 2 hours per week," his mail was delayed, his email privileges were suspended, and he was allowed less than 150 minutes of phone communication with family over 6 months, was denied visits, and was denied magazines, books, and education or rehabilitative programming. He asserts "as a result of the lack of SRO hearings, plaintiff was never permitted to submit complaints to the SRO about his treatment or status in SHU since 4-23-23."

In Count Three, Plaintiff alleges violations of his Eighth Amendment rights. Plaintiff claims BOP regulations require mental health staff to examine inmates after they have been in disciplinary segregation for 30 days and instruct against placing inmates with mental illnesses in special housing. However, the USP-Tucson Warden houses mentally

ill inmates in SHU.  Plaintiff alleges the Restrictive Housing Unit (RHU) psychologist conducts psychological assessments by walking "each tier once per month, stopping at cell doors for less than 10 seconds to visually examine each cell's occupants."  If an inmate is asleep, she does not conduct a follow up.

Plaintiff alleges from April 23, 2023, to the date of filing, he has never spoken to any mental health staff and, for months, has experienced depression, anxiety, and suicidal thoughts.  He claims he is kept in a cell for 23 to 24 hours per day, with "little to no mental or emotional stimulus," and the frequent use of pepper spray against mentally ill inmates saturates "his air with chemical agents that cause respiratory distress, coughing, and gagging."  Plaintiff also claims on the SHU assessment, the RHU psychologist falsely recorded responses from Plaintiff without ever speaking to Plaintiff and stated Plaintiff had "no significant mental issues," even though Plaintiff "was depressed and suicidal."  Finally, Plaintiff claims although policy requires "a clear plan for returning the inmate to less restrictive conditions will be developed[,] and is ordinarily shared with the inmate," no "such plan was created for Plaintiff after 4-23-23," and Plaintiff "has never received treatment for his mental health since 4-23-23."

## IV.   Failure to State a Claim

To bring an Eighth Amendment claim for injunctive relief based on conditions of confinement, a prisoner must "(1) invoke jurisdiction under § 1331, (2) allege facts to state a colorable ongoing Eighth Amendment claim, (3) name as a defendant the person who would be responsible for carrying out any order for injunctive relief, and (4) request particular injunctive relief that is specifically targeted to resolving the ongoing Eighth Amendment violation."  *Pinson v. Othon*, CV-20-00169-TUC-RM, 2020 WL 6273410, at *5 (D. Ariz. Oct. 26, 2020); *see also Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (recognizing an implied cause of action where plaintiffs alleged unconstitutional conditions of confinement and invoked 28 U.S.C. § 1331).

Plaintiff only names the BOP as a Defendant; he has not named as a defendant the *person* who would be responsible for carrying out an order for injunctive relief.

1   Accordingly, Plaintiff has failed to state a claim under § 1331.  The Court will dismiss the
2   Complaint with leave to amend.

3   **V.      Leave to Amend**

4           For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to
5   state a claim upon which relief may be granted.  Plaintiff may submit a first amended
6   complaint to cure the deficiencies outlined above no later than **Friday, April 19, 2024**.
7   The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first
8   amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike
9   the amended complaint and dismiss this action without further notice to Plaintiff.

10          Plaintiff must clearly designate on the face of the document it is the "First Amended
11  Complaint."  The first amended complaint must be retyped or rewritten in its entirety on
12  the court-approved form and may not incorporate any part of the original Complaint by
13  reference.  Plaintiff may include only one claim per count.

14          A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*,
15  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d
16  1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint
17  as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original
18  Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not
19  alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th
20  Cir. 2012) (en banc).

21  **VI.     Motions for Preliminary Injunction**

22          On October 30 and November 14, 2023, Plaintiff filed Motions for Preliminary
23  Injunction (Docs. 6 and 7).  To obtain a preliminary injunction, the moving party must
24  show "he is likely to succeed on the merits," "he is likely to suffer irreparable harm in the
25  absence of preliminary relief," "the balance of equities tips in his favor," and "an injunction
26  is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
27  The moving party has the burden of proof on each element of the test.  *Envtl. Council of*
28  *Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  Because the Court has

1   dismissed Plaintiff's claims for lack of a proper Defendant, Plaintiff has not shown he is
2   likely to succeed on the merits of his claims.  Thus, the Court will deny without prejudice
3   the Motions for Preliminary Injunction.

4   **VII.   Warnings**

5       **A.     Release**

6       If Plaintiff is released while this case remains pending, and the filing fee has not
7   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court
8   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or
9   (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may
10  result in dismissal of this action.

11      **B.     Address Changes**

12      Plaintiff must file and serve a notice of a change of address in accordance with Rule
13  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
14  relief with a notice of change of address.  Failure to comply may result in dismissal of this
15  action.

16      **C.     Possible "Strike"**

17      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff
18  fails to file an amended complaint correcting the deficiencies identified in this Order, the
19  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
20  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
21  judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
22  occasions, while incarcerated or detained in any facility, brought an action or appeal in a
23  court of the United States that was dismissed on the grounds that it is frivolous, malicious,
24  or fails to state a claim upon which relief may be granted, unless the prisoner is under
25  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

26      **D.     Possible Dismissal**

27      If Plaintiff fails to timely comply with every provision of this Order, including these
28  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **GRANTED**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $11.19.

(3)     Plaintiff's Motions for Preliminary Injunction (Docs. 6 and 7) are **DENIED** without prejudice.

(4)     The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim.  Plaintiff has up to and including **Friday, April 19, 2024**, to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint by **Friday, April 19, 2024**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and denying any pending unrelated motions as moot.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 19th day of March, 2024.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:   _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed
as: _____ at_____.
    <span>(Position and Title)</span>                                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
    (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
    (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
    (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

### D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                   ☐ Yes     ☐ No
    b.   Did you submit a request for administrative relief on Count I?        ☐ Yes     ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  _____
        _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court            ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated:  _____

_____ .

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                              ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?                ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?       ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  _____
        _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6